IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DESENDA S. GORAM
and TACOUS GORAM
    Plaintiffs,

vs.                                     3:10cv123/WS/MD

NORM ROSS,
DARRELL WHITE, and
LEORAH MIMS,
    Defendants.

## **O R D E R**

Plaintiff Desenda Goram has filed an amended civil rights complaint and a motion for clarification of the court's previous order regarding the status of her son and co-plaintiff, Tacous Goram. (Doc. 5 & 6).

The court sealed the initial complaint because it was not clear whether Desenda Goram's son, Tacous Goram, was a minor. Through her most recent submissions, Desenda Goram has now clarified that although Tacous Goram was a minor when the events in questions occurred, he has reached the age of majority. (Doc. 6). Therefore, it is appropriate to un-seal the original complaint and to allow Tacous Goram to proceed as a plaintiff in his own right, either individually or jointly with his mother.[1] He will be required to submit his own motion to proceed *in forma pauperis*, and if the parties choose to proceed jointly, they must file an amended complaint that is signed under penalty of perjury by each plaintiff.

---

[1] In the event the parties proceed jointly, they are advised that henceforth, **each** party plaintiff is required to sign **every** pleading filed with the court (with the exception of each party's *in forma pauperis* application).

Pared to their essence, the allegations in the complaint are that defendant Escambia High School Principal Leorah Mims wrote a letter to the superintendent of schools on February 4, 2009 requesting that Tarous Goram be expelled for possession of cocaine as a result of an incident that occurred on February 2, 2009. (Doc. 5 at 5). Ms. Mims did this although lab tests on the substance were not yet complete. (*Id.*). A "due process committee" comprised of defendants Sheena Payne, David Venettozzi and Ramonia Turner and Darrell White, Court Liason held a hearing on February 18, 2009 as a result of Ms. Mims' letter and recommended Tarous's expulsion although the lab report was still not available. After a final hearing on April 21, 2009, school board members Bill Slanton, Linda Moutrie, Patricia Hightower and Gerald Boone all voted to expel Tarous, although the lab results returned on March 12, 2009 were negative for narcotics. (*Id.* at 8). Plaintiff alleges that the suspension improperly occurred because defendant Darrell White, the Court Liason for the Escambia County school board, failed to timely ensure the test results were provided to the proper individuals. On November 3, 2009, Ms. Goram met with Norm Ross, Deputy Superintendent of Schools about the situation. As a result of this meeting, on February 16, 2010, the School Board held a hearing at which it voted to rescind Tarous's expulsion, and wrote Ms. Goram a letter advising that her son's records would be changed. However, over two months later, school records still indicate he was (or is) expelled for possession of cocaine.

Accepting the allegations of the complaint as true, it is not clear who are the proper parties in this action. There were many factors leading to Tarous's expulsion and many individuals (or entities) involved in this decision-making. Ms. Mims allegedly wrote a letter asking for the expulsion without the lab results, but defendants Payne, Venettozzi and Turner who comprised the "due process committee" of the School Board (which is not itself named as a defendant) voted to expel. Defendant White's failed to pass along test results in a timely fashion, but School Board members Slanton, Moutrie, Hightower and Boone approved the expulsion apparently without asking about the lab test results. And, although defendant Ross is named as a defendant, from the allegations in the complaint it appears that he agreed with Ms. Goram that there was a problem and scheduled a hearing,

although perhaps not as promptly as Ms. Goram would have liked. Finally, after the decision of the School Board, it is not clear who was or is responsible for the fact that Tarous Goram's name still has not been cleared. Again, as drafted, the School Board is not a named defendant in the complaint.

The amended complaint asserts that the named defendants have violated Tarous's due process rights and requests monetary relief, punitive damages and a letter of apology. Although Desenda Gorma alleges that she suffered stress and pain as a result of the alleged violation of her son's rights, it does not appear that she personally claims to have been the victim of a constitutional violation, and she does not set forth a basis for any other sort of claim. In fact, there is no obvious reference to her in the statement of claims.

The parties will recall that to state a cause of action under 42 U.S.C. § 1983, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988) (citations omitted); *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West*). If plaintiff Desenda Goram has no legal basis to state a viable claim against any of the named defendants, whether under § 1983 or otherwise, she should be deleted as a party in this action. Tarous Goram, who is no longer a minor, may pursue this case on his own behalf. In any event, the parties will be required to file an amended complaint.

In amending, plaintiff(s) must name as defendants only those persons who are responsible for the alleged constitutional violations. All parties' names must be written in the style of the case on the first page of the civil rights complaint form, and their names, addresses and employment positions should be written in the "Parties" section of the form on page two. In the statement of facts, plaintiff(s) should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of

*Case No: 3:10cv123/WS/MD*

the alleged unconstitutional acts. It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). If plaintiff(s) cannot state exactly how a particular defendant caused harm, that person should be deleted or dropped as a defendant from the complaint. In the section entitled "Statement of Claim," plaintiff(s) must state what rights have allegedly been violated, having provided support in the statement of facts for the claimed violations. If a plaintiff has no basis for a viable claim that individual should be deleted as a party in this action. Plaintiff(s) are advised that the amended complaint must contain all of the pertinent allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff(s) should file the amended complaint with an original signature with the Court and keep an identical copy for personal reference. Plaintiff(s) should not file a memorandum of law or otherwise provide citations to statutes and cases, or file exhibits as evidentiary support for the complaint. The court will advise when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.

Accordingly, it is ORDERED:

Plaintiff's motion for clarification (doc. 6) is GRANTED to the extent this order has issued.

The clerk shall unseal document 1, the initial complaint in this action, and amend the docket to reflect the full name of plaintiff Tarous Goram based on plaintiff Desenda Goram's representation that Tarous Goram is not a minor.

The clerk shall forward to plaintiff Tarous Goram an *in forma pauperis* application for use by non-prisoners as well as a civil rights complaint form. This case number and the words "second amended complaint" should be written on the form. Within 28 days from

the date of this order, plaintiff Tarous Goram shall file a motion for leave to proceed *in forma pauperis*, or pay the $350.00 filing fee.

Within 28 days from the date of this order plaintiff Tarous Goram or plaintiffs Tarous Goram and Desendra Goram shall file a second amended complaint signed by each plaintiff as set forth herein.

Failure to comply with this order may result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the court.

DONE AND ORDERED this 12th day of May, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**