IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAUCOS GORAM,
    Plaintiff,

vs.                                            Case No. 3:10cv123/WS/CJK

LEORAH MIMS, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, and defendants' motion to dismiss (doc. 24). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After a careful review of the record and the arguments presented, the court concludes the motion to dismiss should be GRANTED.

## THE COMPLAINT AND ALLEGATIONS

Plaintiff Taucos Goram, at times material to the complaint, was a student at Escambia High School. On February 2, 2009, Goram was detained by school officials and told that he was being held because of a white-powdered substance thought to be in his possession and believed to be cocaine. Goram, who says that the substance was found on the floor, was released from school custody after law

enforcement personnel determined that the unknown substance would have to be examined in-laboratory to make an identification. (Doc. 1, 5)

Upon plaintiff's release, Kenneth Walker (referred to as "Walker" or "Dean Walker"), a teacher at the high school, told Goram that he would be suspended for a period of ten days for possession of cocaine. Walker completed a referral to school Principal Leorah Mims (referred to as "Mims" or "Principal Mims"), who recommended to the superintendent that plaintiff be expelled in consideration of the alleged offense. The official police report states that the white powdered substance had been sent to a laboratory for testing and that law enforcement would await the results before pressing charges. Plaintiff notes that nowhere in the report does it state that he was in possession of cocaine. (Doc. 1, 5-6)

Plaintiff was suspended for ten days pending a hearing, which occurred at Escambia High School on February 18, 2009. The hearing was conducted by a panel called the Due Process Committee ("Committee"), consisting of Sheena Payne, David Venettozzi, Ramonia Turner, and chairperson Darrell White ("White"). The Committee concluded there was probable cause to believe plaintiff had been in possession of cocaine and thus requested School Board ("Board") members to approve Goram's expulsion. The Committee afforded plaintiff the opportunity to enroll in a "second chance" school, pending the Board's final decision. (Doc. 1, 8) The Committee recommendation to the Board stated that plaintiff was in possession of cocaine, that his hands tested positive for cocaine, and that a picture showed the cocaine. The police report, on the other hand, describes the substance as "unknown." (Doc. 1, 8)

On April 21, 2009, five School Board members voted unanimously to expel plaintiff for the 2009 – 2010 school year for possession of cocaine. (Doc. 1, 9-10) The complaint alleges that White, the court liaison, either withheld evidence or failed to give due consideration to, or follow up on, the findings of the police report. Plaintiff also complains that the Committee slandered his honor, reputation, and integrity by falsely accusing him of a crime he did not commit. (Doc. 1, 9) Similarly, plaintiff contends that the Board voted on his expulsion without knowledge that the police laboratory report returned negative for any illicit substance, in violation of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 1, 10)

Based upon the foregoing events, plaintiff filed a *pro se* complaint (doc. 1) pursuant to 42 U.S.C. § 1983, naming as defendants the Escambia County School District, School Board members Bill Slayton, Linda Moultrie, Jeff Bergosh, Gerald Boone, and Patricia Hightower, School District Court Liaison Darrell White, Principal Leorah Mims, and teachers Ramonia Turner, David Venettozzi, Sheena Payne, and Kenneth Walker.

## THE MOTION TO DISMISS

Defendants, jointly and individually, moved pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6) to dismiss (doc. 24) plaintiff's complaint. Defendants respond that plaintiff has failed to state a claim upon which relief can be granted, arguing that the complaint does not state a claim in either the official or individual capacities of the named defendants. (Doc. 24, 1-2)

The motion to dismiss proceeds under the principle that a § 1983 action brought against a public official, in her official capacity, is construed as a suit against

the entity the official represents. (Doc. 24, 5) Defendants contend plaintiff must show, *inter alia*, the government entity maintained a custom or policy that constituted "deliberate indifference" to a violated constitutional right. (Doc. 24, 6) Plaintiff, defendants conclude, has alleged no more than mere negligence, or a "rush to judgment," and the failure of involved school officials to be trained in the detection of narcotics. (Doc. 24, 6) Defendants also argue that a plaintiff wishing to impose liability under § 1983 for a lack of supervisory attention or training must establish a history or practice of widespread abuse. According to defendants, plaintiff has shown nothing more than an isolated incident in which the principal and other school officials declined to wait for the return of law enforcement's laboratory report before making an ultimate disciplinary decision. As a result, defendants conclude, plaintiff's factual allegations cannot support a cause of action under § 1983 against the named defendants in their official capacities. (Doc. 24, 6-7)

  Defendants are uncertain from their review of the complaint whether plaintiff has brought suit against defendants in their individual capacities as well, but contend nonetheless that such an action cannot lie. Citing the defense of qualified immunity, defendants argue that a public official performing a discretionary function is insulated from personal liability unless her conduct violates a clearly established statutory or constitutional right of which a reasonable person would have known. (Doc. 24, 8) Defendants, who note that the named officials were acting in a discretionary capacity, claim that plaintiff has failed to allege facts tending to show a violation of his right to due process of law. (Doc. 24, 8) As a corollary, defendants conclude, plaintiff cannot maintain a cause of action under § 1983. (Doc. 24, 8-9)

Assuming the named defendants did violate plaintiff's constitutional rights, defendants argue that a deprivation of the right to due process of law cannot be challenged under § 1983 where the state provides an adequate post-deprivation remedy. (Doc. 24, 9) Defendants contend plaintiff has an adequate post-deprivation remedy, citing plaintiff's right to appeal his expulsion as authorized by section 120.68, Florida Statutes. Accordingly, defendants maintain that plaintiff cannot state a claim for individual liability under § 1983. (Doc. 24, 9)

## PLAINTIFF'S RESPONSE

Plaintiff makes substantially the same factual allegations in his Response to Defendant's Motion to Dismiss ("Response"), (doc. 28), as in his complaint. Significantly, however, defendant makes clear, on numerous occasions, that he has brought suit against the named defendants in their official capacities. For example, plaintiff claims that Kenneth Walker, "acting in the official capacity as Dean," completed a referral alleging that plaintiff had been in possession of cocaine. (Doc. 28, 1) Goram avers that Principal Mims, "acting in the official capacity as Principal[,]" recommended to the school superintendent that he be expelled in light of the alleged offense. (Doc. 28, 1) Plaintiff states that the Committee, "acting in an official capacity for the . . . school system[,]" also recommended that he be expelled. (Doc. 28, 2) Goram alleges that School Board members "acting in an official capacity" voted to expel him for two years, despite the availability of the police laboratory report, which indicates that the substance recovered from plaintiff's person tested negative for any narcotic. (Doc. 28, 2) In several other instances throughout the Response plaintiff refers to the conduct of named defendants "acting in an official capacity." (Doc. 28, 2-4)

## ANALYSIS

Case No: 3:10cv123/WS/CJK

In ruling on a motion to dismiss for failure to state a claim, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged . . . in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Sinaltrainal*, 578 F.3d at 1260; *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Further, the complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A complaint is also subject to dismissal under [Federal Rule of Civil Procedure] . . . 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6).").

Plaintiff alleges that Walker, Mims, White, the Committee, and the Board, acting in their official capacities, violated his right to due process of law under the Fifth and Fourteenth Amendments. "[A] suit against a governmental official in his official capacity is deemed a suit against the entity that he represents." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999). "A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees." *Id.* Rather, "only those officials who have final

policymaking authority may render the municipality liable under Section 1983." *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996).

Moreover, "[l]iability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). In other words, an entity can be held monetarily liable only through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *See Monell*, 436 U.S. at 690. Section 1983 also authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *See id.* at 690-91. "To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Here, plaintiff asserts that various school officials failed to demonstrate due care in investigating the nature and composition of the substance surrounding his detention and expulsion from Escambia High School. More specifically, plaintiff asserts that those officials involved were not sufficiently trained in the identification of narcotics. "[M]unicipal liability may be based on a claim of inadequate training or supervision where a municipality's failure to train or supervise its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants, such that the failure 'can be properly thought of as a [municipal] policy or custom that is actionable under § 1983.'" *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007

WL 4199606, at *4 (S.D. Fla. Nov. 26, 2007) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489-90 (11th Cir. 1997)).

The analysis proceeds from the truism that a plaintiff alleging a constitutional deprivation against a municipality under § 1983 must first establish "that his constitutional rights were violated." *See McDowell*, 392 F.3d at 1289. At bottom, plaintiff claims an infringement of his right to due process of law. "'The fundamental requisite of due process is the opportunity to be heard, and with regard to student suspensions, students must be given reasonable notice and an opportunity to have a hearing.'" *Sarver v. Jackson*, 344 F. App'x 526, 528 (11th Cir. 2009) (quoting *Nash v. Auburn Univ.*, 812 F.2d 655, 660, 663 (11th Cir. 1987)). Here, plaintiff accuses Dean Walker, Principal Mims, the Committee, and the Board of failing to launch a more comprehensive investigation into the circumstances surrounding his initial detention and suspension. In particular, plaintiff emphasizes the failure of those school officials involved to reference the labs performed in connection with the police investigation, which returned negative for the presence of any narcotic.

Plaintiff, in other words, takes issue with the *outcome* of the school's investigation and seeks accountability for what seemingly was a wrong *result*. But nowhere in the civil rights complaint does plaintiff allege that he was denied an opportunity to present his side of the incident. In fact, plaintiff does not describe in specific or even general terms the process or procedures that attended his hearing before the Due Process Committee, which, for all that is known, approximated a "full-dress" judicial proceeding. Barring such detailed allegations, I am unable to infer from the complaint that any of the named defendants denied plaintiff an opportunity to be heard. Accordingly, plaintiff cannot establish a deprivation of his constitutional right to due process of law. *See id.* Because plaintiff does not demonstrate a

constitutional deprivation, he cannot succeed in imposing municipal liability under § 1983. *See McDowell*, 392 F.3d at 1289 (requiring plaintiff seeking to impose § 1983 liability on a municipality to show "that his constitutional rights were violated").

Assuming, in an abundance of caution, that plaintiff has established injury to a constitutional right, he must next show "that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right." *See id.* I observe at the outset that plaintiff has not alleged a regular practice of supervisory inattention or lack of training. Assuming such practice, plaintiff does not contend that final policymakers were aware of and disregarded the custom or policy in such a way as to cause constitutional injury to plaintiff. *See McDowell*, 392 F.3d at 1289; *Hill*, 74 F.3d at 1152 (providing that "only those officials who have final policymaking authority may render the municipality liable under Section 1983"). Instead, plaintiff alleges merely that the named officials in this instance failed to exercise due diligence in investigating the circumstances of plaintiff's initial detention and the attending police report. Because plaintiff does not set forth factual allegations tending to show "that the municipality had a custom or policy that rose to deliberate indifference to [a] constitutional right[,]" he cannot ultimately prevail on his official capacity claim under § 1983. *See McDowell*, 392 F.3d at 1289.

Though plaintiff has not, at least based upon the language employed in his Response, attempted to bring suit against the named defendants in their individual capacities, I will, for thoroughness, address the prospect of such claims. *See Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction

of the factual allegations will support the cause of action."). In opposition to any possible individual capacity claims, defendants raise the defense of qualified immunity, which "completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal citation and quotation omitted); *see also Rehberg v. Paulk*, 611 F.3d 828, 838 (11th Cir. 2010) ("A government agent is entitled to immunity unless his act is 'so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing.'" (quoting *Lassiter v. Ala. A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc))).

"To receive qualified immunity, the government official must first prove that he was acting within his discretionary authority." *Gonzalez*, 325 F.3d at 1234. Here, it is clear—and undisputed—that defendants Walker, Mims, and the members of the Committee and Board acted within their discretionary authority. Having established the defendants' eligibility for qualified immunity, I turn next to the question of the alleged constitutional violation. *See Allbright v. Oliver*, 510 U.S. 266, 271 (1994) (requiring plaintiff bringing § 1983 claim "to identify the specific constitutional right allegedly infringed"). Plaintiff, as discussed, alleges that the defendants violated his right to due process of law under the Fifth and Fourteenth Amendments. Plaintiff

asserts that "[a]ccording to Due Process of Law, all evidence must be weighed before making a decision . . . ." (Doc. 28, 3)  Because (says plaintiff) the defendants rendered various disciplinary decisions before considering the apparently exculpatory lab results, plaintiff concludes he was denied due process of law.  (Doc. 28, 3-4)

Crediting plaintiff's factual allegations concerning violation of the right to due process, "proof of simple negligence is not enough to pierce an official's immunity under [section] 1983."  *See Bogard v. Cook*, 586 F.2d 399, (11th Cir. 1978); *see also Evans v. Hightower*, 117 F.3d 1318 (11th Cir. 1997) (reversing denial of qualified immunity where "evidence against Hightower was only that of negligence"). Plaintiff in his complaint and response to the motion to dismiss uses the stock terminology of a negligence cause of action, contending for example that "Mrs. Mims arbitrarily rushed to judgment in not having evidence to support her claim." (Doc. 28, 3)  By extension, plaintiff fails to allege that defendants intentionally or knowingly violated his constitutional rights, so as to deprive those defendants of qualified immunity.  *See Paulk*, 611 F.3d at 838 (extending immunity to public officials "unless [the] act is 'so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing'" (quoting *Lassiter*, 28 F.3d at 1149)).  Plainly put, and giving all benefit of the doubt to plaintiff, he charges only that because of carelessness and inattention on the part of the defendants, he ended up being expelled for a wrong in which he denies having any part.  Because plaintiff alleges no more than mere negligence, he cannot overcome the barrier to § 1983 liability posed by qualified immunity.

Even if plaintiff could make out a tenable claim that one or more of the named defendants knowingly violated his right to due process of law, "a state actor's random and unauthorized deprivation of [such] interest cannot be challenged under 42 U.S.C.

§ 1983 so long as the State provides an adequate postdeprivation remedy." *See Allbright*, 510 U.S. at 284. Plaintiff may appeal his expulsion pursuant to Florida's Administrative Procedure Act ("APA"), which provides that "[a] party who is adversely affected by final agency action is entitled to judicial review." *See* § 120.68(1), Fla. Stat. (2009). Not only is judicial review available, but the reviewing state court may choose from among a diverse array of remedies in awarding relief:

> (6)(a) The reviewing court's decision may be mandatory, prohibitory, or declaratory in form, and it shall provide whatever relief is appropriate irrespective of the original form of the petition. The court may:
>
> 1. Order agency action required by law; order agency exercise of discretion when required by law; set aside agency action; remand the case for further agency proceedings; or decide the rights, privileges, obligations, requirements, or procedures at issue between the parties; and
>
> 2. Order such ancillary relief as the court finds necessary to redress the effects of official action wrongfully taken or withheld.

*See* § 120.68(6)(a)1.-2., Fla. Stat. The availability of a comprehensive judicial proceeding to review the Board's expulsion determination persuades me that plaintiff suffered no constitutional deprivation without due process of law within the meaning of the Fourteenth Amendment. For these reasons, plaintiff's claims are not actionable under § 1983 and he has failed to state a claim upon which relief can be granted.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss (doc. 24) be GRANTED.

2. That this cause be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of September, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).